2020 IL App (1st) 190702-U

THIRD DIVISION
December 23, 2020

No. 1-19-0702

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| | ) | |
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | 04 CR 9383 |
| | ) | |
| BRUCE GILES, | ) | Honorable |
| | ) | Leroy Martin, |
| Defendant-Appellee. | ) | Judge Presiding |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*: Reversed and remanded. Petitioner was not entitled to certificate of innocence. Though petitioner was improperly convicted of one offense, stemming from multi-count indictment, that led to his incarceration, he was properly convicted of another, and statute governing COIs does not authorize COI unless petitioner was innocent of all offenses leading to incarceration.

¶ 2    Petitioner pleaded guilty to two offenses stemming from a multi-count indictment. One of those offenses, aggravated unlawful use of a weapon (AUUW), was based on a statute later found unconstitutional in *People v. Aguilar*, 2013 IL 112116, ¶ 22. After the circuit court vacated that conviction, petitioner sought a Certificated of Innocence (COI) under section 2-702 of the

Illinois Code of Civil Procedure, 735 ILCS 5/2-702 (West 2018). Although the State objected, the circuit court granted a COI as to the AUUW count only.

¶ 3                                    BACKGROUND

¶ 4                          I. Procedural Background on Appeal

¶ 5      This appeal was originally consolidated, after an agreed motion, with another appeal styled *People v. Moore*, Appeal No. 1-19-0435.  As here, *Moore* involved a petitioner who was improperly convicted of one offense but properly convicted of another, both of which offenses led to his incarceration. See *People v. Moore*, 2020 IL App (1st) 190435, ¶¶ 6-9. As here, in *Moore*, the circuit judge (the same judge as here) granted petitioner a COI as to the invalid conviction only. See *id.* ¶ 9. Because the petitioners in this appeal and in *Moore* were represented by the same counsel, petitioners in each of these appeals (with the State's agreement) sought to consolidate the appeals to consider the lone question: Does section 2-702 authorize the grant of a "partial" COI—a COI for one offense, even if the petitioner was properly incarcerated for another offense as well?

¶ 6      A judge of this court granted the motion to consolidate. On reconsideration, though the appeals share the same legal question, we find it more appropriate to file separate dispositions for each of these petitioners. We have thus vacated our consolidation order and will simultaneously release our opinion in *Moore* and the Order in this appeal.

¶ 7      For the reasons set forth below and in our decision in *Moore*, we hold that section 2-702 does not authorize a "partial" COI. We thus reverse the trial court's judgment and remand.

¶ 8                              II. Underlying Background

¶ 9       In 2004, petitioner was indicted for two counts of unlawful use of a weapon and two counts of unlawful restraint. The indictment alleged that petitioner had possessed a handgun

when he unlawfully restrained a child under the age of 12. A year later, petitioner pleaded guilty to one count of AUUW and one count of unlawful restraint. The court sentenced him to 6 and 3 years, respectively.

¶ 10     In 2013, our Supreme Court decided *Aguilar*, 2013 IL 112116, ¶ 22, which invalidated a portion of the statute prohibiting the unlawful use of a weapon. Based on *Aguilar*, petitioner filed a *pro se* petition to have his 2004 AUUW conviction vacated. Although the circuit court initially refused, this court granted a motion for summary remand and ordered the circuit court to vacate the conviction.

¶ 11     Because the AUUW conviction had been vacated, petitioner sought a COI as to that count. The State objected, arguing that the statute did not authorize a COI unless a defendant was innocent of all charges that led to petitioner's incarceration. The circuit court disagreed and granted petitioner a COI on the AUUW count.  The State timely appealed.

¶ 12                                    ANALYSIS

¶ 13     In short, the issue is whether section 2-702 allows a "partial" COI. *Moore*, 2020 IL App (1st) 190435, ¶ 18. Petitioner argues he is entitled to a COI on the AUUW conviction. The State responds that a COI is only proper if the petitioner is innocent of *all* offenses for which he was incarcerated.

¶ 14     As explained fully in *Moore*, 2020 IL App 190435, ¶ 36, the plain language of the statute "can lead to only one conclusion: Section 2-702 does not authorize a petition for COI when, as here, the petitioner was properly incarcerated based on at least one conviction, even though he or she was improperly incarcerated based on another." And like *Moore*, there is no question that petitioner here remained lawfully convicted of at least one crime—unlawful restraint. As such, he is not entitled to a COI on the now-vacated AUUW conviction.

¶ 15    In *Moore*, we identified a problematic aspect of section 2-702 when, as there and as here, the invalid conviction led to a longer sentence than did the invalid conviction. See *id*. ¶¶ 41-42. Here, petitioner received six years for the invalid AUUW conviction and three for the valid conviction for unlawful restraint. He thus spent more time in prison, due to the invalid conviction, than he would have for the valid conviction alone.

¶ 16    As we noted in *Moore*, that makes no difference under section 2-702, which unfortunately makes no distinctions for situations like this one. See *id*. ¶ 43. But it nevertheless strikes us as unfair. It is not clear to us in the record how many days, weeks, months, or even years of additional time petitioner spent in prison based on his invalid conviction alone, but even one day is too many.

¶ 17    We note here for petitioner what we noted for the petitioner in *Moore*: while we cannot say with certainty, as the questions are not before us and have not been briefed, petitioner may have other means for obtaining relief in the court of claims and/or obtaining an expungement of the invalid conviction from his record, even without a COI. See *id*. ¶¶ 44-45; 20 ILCS 2630/5.2(b)(6) (West 2018).

¶ 18    Because section 2-702 does not provide an avenue for such relief, we reverse the trial court's judgment. But we remand, as we did in *Moore*, in the event petitioner may seek any additional remedy or relief as discussed above. See *Moore*, 2020 IL App 190435, ¶ 47.

¶ 19                                   CONCLUSION

¶ 20    The judgment of the circuit court is reversed, and the cause is remanded for any additional proceedings.

¶ 21    Reversed and remanded.